IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| KEVIN B. SKINNER, | : | BANKRUPTCY NO.: 5-05-bk-56029 |
| DEBTOR | : | |
| SUSAN L. FRANK | : | {**Nature of Proceeding**: Defendant's Motion to Dismiss or for Summary Judgment} |
| SHARI L. FRANKFURT, | : | |
| PLAINTIFFS | : | |
| vs. | : | |
| KEVIN B. SKINNER, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-06-ap-50138** |

# **OPINION**[1]

Before the Court is a Motion to Dismiss or for Summary Judgment filed in the above-captioned adversary proceeding by Defendant, Kevin B. Skinner, (Adversary Doc. #7).

The United States Bankruptcy Court for the Middle District of Pennsylvania Local Bankruptcy Rule 7002-1, which incorporates United States District Court for the Middle District of Pennsylvania Rule 7.6 (Submission of Briefs or Memoranda Opposing Pretrial Motions), indicates that "Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of movant's brief. Any respondent who fails to comply with this rule shall be deemed not to oppose such motion."

A review of the docket reflects that the Plaintiffs have not filed a responsive brief to the Motion to Dismiss and, therefore, the Plaintiffs are deemed not to oppose the Motion. The

---

[1] Drafted with the assistance of Richard P. Roger, Law Clerk.

[m:\users\cathy\opinions\5-06-ap-50138_Skinner.wpd]

Motion to Dismiss filed by the above Defendant is hereby granted.

Regardless of the ruling above, the Court feels compelled to address an issue raised by the Defendant, namely, the untimeliness of the filing of the underlying adversary. The original Notice of Chapter 7 Bankruptcy Case mailed to all creditors and found on the case docket at document number 3 set a deadline to file a Complaint Objecting to Discharge of Debtor or to Determine Dischargeability of Certain Debts for January 22, 2006. The adversary Complaint initiating this proceeding was filed on April 26, 2006. Intervening between the time of the original Notice of Chapter 7 Bankruptcy Case and the filing of the Complaint was an Application for Continuation of 341 Meeting found on the case docket at number 31. This Application to continue the 341 meeting was filed even though the Trustee certified the 341 meeting was held on November 11, 2005 (Case Doc. #7) and a discharge was entered on February 6, 2006 (Case Doc. #28). This Application was not addressed by the Court, but the Clerk's Office initiated a second Notice of Chapter 7 Bankruptcy Case to all creditors setting a second deadline to file a Complaint Objecting to Discharge of Debtor or to Determine Dischargeability of Certain Debts for May 6, 2006. (See Case Doc. #33.) What of this second notice generated by the Clerk's Office?

Federal Rule of Bankruptcy Procedure 4007(c) provides in its entirety as follows.

**Rule 4007. Determination of Dischargeability of a Debt**

> *(c) Time for Filing Complaint Under § 523(c) in a Chapter 7 Liquidation, Chapter 11 Reorganization, or Chapter 12 Family Farmer's Debt Adjustment Case; Notice of Time Fixed.* A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Furthermore, Collier on Bankruptcy at ¶ 523.26[1] at page 523-134 provides:

> The time limitation is 60 days after the first date set for the meeting of creditors; any extension must be by motion filed within the 60-day period. A court has no discretion to enlarge the time for filing complaints under section 4007(c), not even upon a showing of excusable neglect. Under Rule 4007(c), the creditor must either file the complaint within the time set or move for an enlargement of time before the deadline has passed. Bankruptcy Rule 9006(b)(3) expressly provides that the court "may enlarge the time for taking action under Rule[s] . . . 4007(c) . . . only to the extent and under the conditions states in those rules."

4 Collier on Bankruptcy, ¶ 523.26[1] at 523-134 (15th ed. rev'd) (footnotes omitted).

A review of the case docket reveals that no motion for an extension of time was filed within the sixty day period after the first date set for the meeting of creditors. The second notice extending the deadline to file the relevant complaints to May 6, 2006, was generated neither upon direction of this Court nor as a result of a motion to extend the time filed by any creditor or party in interest. It is for this reason also that the Court will dismiss the instant Complaint.

An Order will follow.

Date: October 4, 2006

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*